IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LARRY THOMAS O'BRIEN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| MELINDA RYALS and ALAPAHA | : | NO. 7:10-cv-110 (HL) |
| JUDICIAL CIRCUIT PUBLIC | : | |
| DEFENDER'S OFFICE, | : | |
| | : | |
| Defendants | : | **O R D E R** |

Plaintiff **LARRY THOMAS O'BRIEN**, an inmate at the Berrien County Jail in Nashville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis* (Tab # 1).

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes. **See Rivera v. Allin,** 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury." The prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)'s imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding that section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. ***Rivera***, 144 F.3d at 721-27. The Eleventh Circuit has additionally held that pre-PLRA dismissals count as strikes under section 1915(g). ***Id.*** at 730.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has reached the three "strikes" allowed by the PLRA to a prisoner attempting to proceed *in forma pauperis* in a federal civil lawsuit. *See **O'Brien v. Georgia Dep't of Corrections***, 7:10-cv-50 (HL) (M.D. Ga. June 15, 2010); ***O'Brien v. Georgia Dep't of Corrections***, 7:10-cv-13 (WLS) (M.D. Ga. Feb. 19, 2010); and ***O'Brien v. Emanuel Probation Detention Ctr***, 6:04-cv-161-BAE (S.D. Ga. Feb. 28, 2005).[1] As plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g). Plaintiff claims of mistaken identity do not remotely approach allegations of "imminent danger of serious physical injury."

As plaintiff has three prior strikes and is not under imminent danger of serious injury, his request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED** without prejudice.

---

[1] An additional three cases have recently been dismissed as frivolous but have not been counted as strikes for purposes of this order, as the time for plaintiff to appeal such dismissals may not have expired. *See **O'Brien v. South Western State Hospital Employees***, 7:10-cv-92 (HL) (M.D. Ga. Sept. 13, 2010)***; O'Brien v. Bolling-Mullis***, 7:10-cv-74 (HL) (M.D. Ga. Sept. 2, 2010); and ***O'Brien v. McClain***, 7:10-cv-64 (HL) (M.D. Ga. Sept. 1, 2010).

If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and pay the entire $350.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 6th day of October, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr