**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**TIMOTHY S. JONES,**

      Plaintiff,

v.

**UNITED STATES OF AMERICA,**

      Defendant.

Civil Action 7:11-CV-110 (HL)

**ORDER**

This case is before the Court on Defendant's Motion for More Definite Statement (Doc. 3).

In his complaint filed in the Magistrate Court of Colquitt County, Plaintiff claims that the Farm Service Agency "did not process application properly." Plaintiff provides no other information regarding his claim.

After the case was removed to this Court, Defendant filed the pending Motion for More Definite Statement.[1] Defendant contends that the complaint is so vague that it cannot prepare a response. Defendant states that while it believes Plaintiff's claim has to do with a loan application, it receives many different kinds of applications, and needs further guidance in order to identify more precisely the nature of Plaintiff's claim. Defendant further states that it needs details about any

---

[1] The Magistrate Court complaint was filed against James M. Gibbs of the Farm Service Agency. Upon removal, the United States was substituted as the party defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679.

specific errors in processing the application to understand Plaintiff's claim and alleged entitlement to relief.

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Court agrees that the complaint is vague and that additional information is needed from Plaintiff.

Defendant's Motion for More Definite Statement (Doc. 3) is granted. On or before September 16, 2011, Plaintiff must submit an amended complaint which identifies the legal claim or cause of action he intends to assert against Defendant and sufficient factual allegations to support a reasonable inference that his claim is plausible, that he has been wronged, and that Defendant is liable for the misconduct alleged. If Plaintiff has a copy of the application he contends was improperly processed, he should attach a copy of it to the amended complaint. If he does not have a copy of the application, Plaintiff should provide pertinent information about the application, including the type of application and the date of the application. Plaintiff's claims must be stated in separate numbered paragraphs, and each numbered paragraph should be confined to a single set of circumstances. *See* Fed. R. Civ. P. 10(b). Failure to comply with the terms of this Order may result in the dismissal of this case.

**SO ORDERED**, this the 2nd day of September, 2011.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh