**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**TIMOTHY S. JONES,**

Plaintiff,

v.

**UNITED STATES OF AMERICA,**

Defendant.

Civil Action No. 7:11-CV-110 (HL)

**ORDER**

This case is before the Court on Defendant's Motion for Summary Judgment (Doc. 14). For the reasons discussed herein, the Motion is granted.

## I. BACKGROUND

On June 10, 2011, Plaintiff filed a claim in the Magistrate Court of Colquitt County against James M. Gibbs of the Farm Service Agency ("FSA"), an agency of the United States Department of Agriculture. Plaintiff claimed that Gibbs "did not process application properly." (Doc. 1-1, p. 1). Plaintiff made a demand for $905.65, plus $95.50 in costs.

The case was removed to this Court on August 18, 2011. The United States of America was substituted as the defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679. Shortly after removal, the Court granted Defendant's motion for a more definite statement, and Plaintiff filed an amended complaint on September 19, 2011. Plaintiff stated that

Gibbs failed to process a loan application properly, would not meet with or speak to Plaintiff, and used incorrect or false numbers when deciding if Plaintiff should receive a loan. Plaintiff requested relief in the form of reimbursement for loss of income, bank interest fees, and long distance phone charges. (Doc. 6, p. 2).

After the close of discovery, Defendant moved for summary judgment on Plaintiff's claims. The Court notified Plaintiff about the motion and the possible consequences if he failed to respond. Plaintiff filed a four page response to Defendant's motion, but did not respond to Defendant's statement of material facts. Therefore, pursuant to Local Rule 56, those facts are deemed admitted. M.D. Ga. L.R. 56. [1]

Even though Defendant's submitted facts are deemed admitted, Defendant "continues to shoulder the initial burden of production in demonstrating the absence of any genuine [dispute] of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008). The Court must "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Id. at 1269 (quotation and internal quotation marks omitted). The Court has so reviewed the record, and viewed in the light most favorable to Plaintiff, finds the facts for purposes of summary judgment to be as follows.

---

[1] "All material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56.

## II. FACTS

Plaintiff and his wife Karen live on a farm in Thomas County.[2] For thirty years, Plaintiff was a cattle farmer.

In 2008, Plaintiff borrowed $150,000 from Ameris Bank in Thomasville. That money was used to pay off farm equipment loans and was used in the cattle operation. (Deposition of Timothy Jones, pp. 63-64). The $150,000 loan was guaranteed by the FSA. (Doc. 16-2, p. 64). On February 22, 2010, the Joneses applied directly to the FSA for a $250,000 loan. (Doc. 16-5, pp. 80-91). This new loan was going to be used to pay off some prior debt and to buy 300 head of cattle. (Jones dep., p. 73). According to Plaintiff, after he turned in his application, James Gibbs, the FSA Farm Loan Manager, told Plaintiff he had to get two loan turndown letters from banks so he would be eligible for an FSA loan. (Jones dep., p. 31).

Plaintiff applied to Ameris Bank for a $250,000 operating loan. That request was denied by letter dated March 8, 2010 from Anthony L. Wright, Senior Vice President. (Doc. 14-15, p. 14). Plaintiff later talked to Wright in person, and Wright offered Plaintiff a $75,000 line of credit. (Jones dep., pp. 31-32). Plaintiff spoke with Gibbs again, and told Gibbs he could not purchase the calves and run the operation on $75,000. (Jones dep., p. 32).

---

[2] Timothy and Karen Jones are referred to collectively as “the Joneses.”

On May 4, 2010, Gibbs sent a letter to Plaintiff stating that Plaintiff did not meet the eligibility criteria for loan assistance because Ameris Bank agreed to give him a line of credit, which Gibbs said Plaintiff refused.[3] (Doc. 14-6, p. 29). Plaintiff denies turning down the line of credit. (Jones dep., p. 29). On May 6, 2010, Jeffrey L. Taylor, the Vice President of Agribusiness with Ameris Bank, sent a letter to the Joneses informing them that the bank would not give them a line of credit because of a negative cash flow. (Doc. 14-15, p. 16).[4]

On May 11, 2010, the Joneses filed an appeal of the denial of the FSA direct loan with the National Appeals Division ("NAD") of the United States Department of Agriculture. (Doc. 14-4, pp. 9-11). The Joneses gave five reasons for the appeal: (1) the loan application was not processed properly or in a timely manner; (2) they were denied reasonable and fair access to Gibbs; (3) the loan was denied based on a false statement made by Gibbs, i.e., that Plaintiff declined a loan from Ameris Bank; (4) they had positive cash flow and a feasible farm plan; and (5) Gibbs improperly calculated certain figures when determining their cash flow. (Doc. 14-4, pp. 9-11).

The Joneses also filed directly with Gibbs a request for reconsideration of the May 4 loan denial. In a letter dated May 12, 2010, Gibbs rescinded the May 4 denial because Ameris Bank withdrew the line of credit. Gibbs stated that he would

---

[3] Code of Federal Regulations Chapter 7, Section 764.101(e) provides that in order to be eligible for direct loan assistance, the applicant must be unable to obtain sufficient credit elsewhere to finance actual needs at reasonable rates and terms.

[4] The loan request was transferred to Taylor after Wright left the bank.

reconsider their application for an annual operating loan in the near future. (Doc. 14-6, p. 4).

It is not clear from the record exactly when, but at some point, the $250,000 loan request was modified into a proposed $75,000 loan or line of credit. The Joneses met with Gibbs on May 19, 2010, and in a letter dated May 26, 2010, Gibbs denied the modified request, this time because the farm operating plan was not feasible as it did not generate a positive cash flow. (Doc. 14-4, pp. 5-7). The Joneses dispute ever agreeing to a downward modification of the loan request. (Doc. 14-7, p. 21).

The NAD held a pre-hearing conference on July 1, 2010. (Doc. 14-4, p. 28). Plaintiff and Gibbs both appeared by telephone. (Doc. 14-6, pp. 14-15). The parties submitted additional argument and documentation after the conference. (Doc. 14-16, pp. 2-3, 6-7). The NAD issued an appeal determination on August 13, 2010, finding that the decision to deny the loan was not erroneous. The NAD found that the FSA correctly determined that the Joneses were unable to develop a feasible farm operating plan based on their actual production records. (Doc. 14-6, pp. 21-26).

The Joneses requested a director review of the appeal determination. (Doc. 14-6, pp. 28-29). A review was made and the appeal determination was upheld. (Doc. 14-7, pp. 15-19). The director review determination was a final order and concluded the appellate proceedings. (Doc. 14-7, p. 15). Nevertheless, the Joneses

disputed the findings, which were later upheld on reconsideration. (Doc. 14-9, pp. 7-8).

Plaintiff subsequently filed this lawsuit, alleging that Gibbs acted negligently in processing the loan. The only relief requested by Plaintiff is monetary relief in the form of lost income, bank interest fees, and long distance phone charges. (Jones dep., p. 77). Defendant contends it is entitled to summary judgment for two reasons. First, Plaintiff has not exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"), and second, if the complaint is construed as a request for review under the Administrative Procedures Act ("APA"), the Court does not have jurisdiction over the case. Because the Court finds that this case is governed by the FTCA and is due to be dismissed for lack of subject matter jurisdiction, it is not necessary for the Court to address the APA issue.

## III. ANALYSIS

### A. Summary Judgment Standard

Summary judgment must be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" Info. Sys. & Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991)). The burden rests with the

moving party to prove that no genuine issue of material fact exists. Id. at 1224. The district court must "view all evidence in the light most favorable to the nonmoving party, and resolve all reasonable doubts about the facts in its favor." Id.

**B. Federal Tort Claims Act**

"The United States, as sovereign, is immune from suit save it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767 (1941). "It is well established that the FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed." Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001). As Plaintiff contends Gibbs, an employee of the FSA, was negligent while acting within the scope of his office or employment, the FTCA provides the exclusive remedy against the United States. 28 U.S.C. § 2679(b)(1).

With respect to an FTCA claim, 28 U.S.C. § 2675 states in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

The requirement that a claimant first file an administrative claim under the FTCA is jurisdictional. McNeil v. United States, 508 U.S. 106, 111-13, 508 U.S. 106, 112 (1993); Bush v. United States, 703 F.2d 491, 494 (11th Cir. 1983). Subject matter jurisdiction cannot be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785 (2002)

Defendant has submitted a declaration from Dean Lewis with the FSA who states that he is personally familiar with the agency's records and no administrative claim has been filed by Plaintiff.[5] (Doc. 14-17). Plaintiff has not challenged the Lewis declaration or provided the Court with any contradictory evidence which shows he in fact exhausted his administrative remedies as required by 28 U.S.C. § 2675(a). As § 2675(a)'s prerequisites have not been met, the Court lacks subject matter jurisdiction over Plaintiff's claim. *See* McNeil, 508 U.S. at 13 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."); Le v. SEC, 542 F.Supp.2d 1319, 1323 (N.D. Ga. 2008) ("Plaintiff has not filed an administrative claim with the SEC, and for that reason alone dismissal would be appropriate.")

## IV. CONCLUSION

---

[5] Additionally, Plaintiff has admitted that no administrative claim as required by 28 U.S.C. § 2675 has been filed. *See* Defendant's Statement of Undisputed Facts, ¶ 2.

The Court does not have subject matter jurisdiction over this case, and accordingly, Defendant is entitled to summary judgment on Plaintiff's claims. Defendant's Motion for Summary Judgment (Doc. 14) is granted. The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

**SO ORDERED**, this the 16th day of August, 2012.

***s/ Hugh Lawson***

mbh **HUGH LAWSON, SENIOR JUDGE**